06-3913-ag
Lian v. Holder

BIA
A077 997 883

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of January, two thousand ten.

PRESENT:
  PIERRE N. LEVAL,
  JOSÉ A. CABRANES,
  DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

YIN TING LIAN,
        *Petitioner,*

        v.                                06-3913-ag
                                          NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,[1]
        *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

FOR PETITIONER:          Yee Ling Poon, Robert Duk-Hwan Kim,
                         Deborah Niedermeyer, New York, New
                         York.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant
                         Attorney General, Richard M. Evans,
                         Assistant Director, Virginia Lum,
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yin Ting Lian, a native and citizen of the People's Republic of China, seeks review of a July 25, 2006 order of the BIA denying her counseled motion to reconsider. *In re Yin Ting Lian*, No. A077 997 883 (B.I.A. July 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Lian's motion to reconsider. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider must be filed with the BIA within 30 days after the mailing of

2

the BIA decision being challenged. 8 U.S.C. § 1229a(a)(c)(6); 8 C.F.R. § 1003.2(b)(2). There is no exception to the filing deadline for such motions. *Matter of J-J-,* 21 I.&N. Dec. 976, 978 (B.I.A. 1997). It is undisputed that Lian's motion to reconsider was untimely. However, as the Government asserts, Lian fails to challenge the BIA's denial of her motion to reconsider as untimely. Because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Lian's waiver of the BIA's finding that her motion was untimely is dispositive of the petition for review.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

---

[2] Rather than challenging the BIA's denial of her motion to reconsider, Lian argues at length that she was entitled to file a successive asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D) and that she was eligible for relief based on the birth of her U.S. citizen children. Even if we were to reach these arguments, they are largely foreclosed by *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir. 2008) and *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk
>
>
> By:_____